UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>Pedro CORTEZ-Velasquez,<br><br>    Defendant | Magistrate Docket No.: 08 MJ 0473<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **February 16, 2008** within the Southern District of California, defendant, **Pedro CORTEZ-Velasquez,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **19th** DAY OF **FEBRUARY, 2008.**

William McCurine, Jr.
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Pedro CORTEZ-Velasquez
A#076 271 910

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On February 16, 2008, Supervisory Border Patrol Agent J. Carrell was performing all-terrain vehicle duties in the Imperial Beach Area of Operations. Agent Carrell was working near the San Ysidro, California Port of Entry when he heard the East Scope operator report a group of three individuals on bikes heading north from the international border fence. Agent Carrell responded to the area and soon encountered one person, later identified as the defendant Pedro CORTEZ-Velasquez, attempting to conceal himself in a ditch next to the southern fence line of the sewage treatment plant. This area is approximately 200 yards north of the international border fence and 2 miles west of the San Ysidro Port of Entry. After Agent Carrell detained the defendant, he questioned him as to his nationality and immigration status. The defendant freely admitted to being a citizen and national of Mexico illegally present in the United States. At approximately 5:15 p.m., Agent Carrell arrested the defendant and had him transported to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to Mexico on February 3, 1997 through Otay Mesa, California. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

Executed on February 18, 2008 at 9:30 a.m.

Terri L. Dimolios
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 1 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on February 16, 2008, in violation of Title 8, United States Code, Section 1326.

William McCurine, Jr.
United States Magistrate Judge

2/18/08 / 1130 hrs
Date/Time